IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-30-D
No. 5:14-CV-184-D

| | | |
|---|---|---|
| IVAN CORREA, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 26, 2014, Ivan Correa, Jr. ("Correa") moved to vacate, set aside, or correct his 144-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 56]. On May 12, 2014, the government moved to dismiss Correa's section 2255 motion [D.E. 61]. On June 16, 2014, Correa responded in opposition to the government's motion [D.E. 65]. As explained below, the court grants the government's motion to dismiss.

On April 7, 2008, Correa was charged in a superseding criminal information with conspiring to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), using and carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (count three). See [D.E. 16]. The same day, Correa pleaded guilty, pursuant to a written plea agreement [D.E. 18], to all three counts. See [D.E. 17]; Arraignment Tr. [D.E. 46] 13–14. In his plea agreement, Correa expressly waived "all rights . . . to appeal whatever sentence is imposed," with limited exceptions. Plea Agreement [D.E. 18] ¶ 2.c.

On July 9, 2009, at Correa's sentencing hearing, the court determined Correa's advisory guideline range to be 60 months on count one, 84 months consecutive on count two, and 120 months

on count three. See Sentencing Tr. [D.E. 47] 13–14. The court then granted the government's motion for a downward departure under U.S.S.G. § 5K1.1. See id. 14–16; [D.E. 19]. After considering the arguments of counsel, Correa's statement, and all of the factors under 18 U.S.C. § 3553(a), the court sentenced Correa to 60 months' imprisonment on count one and 60 months' imprisonment on count three, to be served concurrently, and to 84 months' imprisonment on count two, to be served consecutively, for a total term of 144 months' imprisonment. See Sentencing Tr. 16–26; Judgment [D.E. 42].

On July 9, 2009, Correa appealed his conviction and sentence. See [D.E. 36]. Correa's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Correa did not submit a pro se supplemental brief. On February 11, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Correa's conviction and dismissed any challenges to Correa's sentence as barred by the appellate waiver in his plea agreement. See United States v. Correa, 364 F. App'x 845, 846 (4th Cir. 2010) (per curiam) (unpublished). Correa did not petition the United States Supreme Court for a writ of certiorari, and his judgment of conviction became final when his time to do so expired, no later than May 11, 2010. See Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

On March 26, 2014, Correa filed a section 2255 motion. See [D.E. 56]. Correa raises two claims. First, relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), Correa claims that his guilty plea as to count two is invalid because he did not admit to "brandishing" a firearm. See [D.E. 56-1] 6–9. Second, Correa claims that his attorney provided ineffective assistance at sentencing because he failed to recognize that this court allegedly erred by not downwardly departing from Correa's advisory guideline range after granting the government's motion for a downward departure. See id. 10.

2

Correa filed this section 2255 motion almost four years after his judgment of conviction became final. Thus, Correa's motion is untimely under 28 U.S.C. § 2255(f)(1). See United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Correa's motion is untimely under 28 U.S.C. § 2255(f)(3) because Alleyne does not apply retroactively on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); see also In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Likewise, Correa's motion is untimely under 28 U.S.C. § 2255(f)(4). See, e.g., United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014) (unpublished); United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Correa has alleged no

3

such extraordinary circumstances. See, e.g., Sawyer, 552 F. App'x at 232. Accordingly, the court dismisses Correa's section 2255 motion as untimely.

After reviewing the claims presented in Correa's motion, the court determines that reasonable jurists would not find the court's treatment of the claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 61], and DISMISSES Correa's section 2255 motion [D.E. 56]. The court also DENIES a certificate of appealability.

SO ORDERED. This **29** day of July 2014.

JAMES C. DEVER III
Chief United States District Judge